### LAMBERT *v*. PERRY.

*(Supreme Court, General Term, First Department.* May 18, 1888.)

PLEADING—BILL OF PARTICULARS—WHEN ALLOWED.

Where plaintiff moves for a bill of particulars of an allegation in defendant's answer, he cannot compel defendant to furnish a bill of particulars of another allegation by serving on him an affidavit, alleging that he desires such bill, one day before the return day of the motion.

Appeal from special term, New York county.

Appeal from an order denying plaintiff's motion for a bill of particulars of certain allegations in defendant's answer.

Argued before VAN BRUNT, P. J., and BRADY and BARTLETT, JJ.

*A. C. Shenstone*, for appellant. *A. J. Perry*, for respondent.

VAN BRUNT, P. J. This action was brought for the purpose of having a bond and mortgage declared null and void. The defendant, in his answer, alleged, among other things, that he had laid out and expended for the use and at the request of the plaintiff divers sums of money, etc. The plaintiff thereupon moved for a bill of particulars of these sums of money. Thereupon the defendant stipulated, in answer to such motion, that said allegations in the answer might be stricken out. The plaintiff then served, without any leave of the court, and without any new notice of motion, another affidavit, alleging that he desired a bill of particulars as to another allegation in the complaint which had not been mentioned in his previous papers. The court denied the motion, and in this we think the court was entirely correct. The plaintiff had no power to inject into his motion by the service of an affidavit one day before the return day of the motion a new ground for relief. The order should be affirmed, with $10 costs and disbursements.

BRADY and BARTLETT, JJ., concurring.